[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO DEFENDANTS' BILL OF COSTS
1.
Plaintiff's position is that this "is not a legally difficult case as required by the statute and therefore this ($200) cost should not be assessed." Section 52-257(a) provides "fees in civil actions in which the matter is demand is not less then fifteen thousand dollars shall be . . . (3) in difficult or extraordinary cases in the Superior Court, where a defense has been interposed, a further allowance, in the discretion of the court, not to exceed two hundred dollars."
The dispute between the parties concerns the meaning of "difficult or extraordinary". These words must be construed according "to the commonly approved usage of the language." C.G.S. § 1-1.
The American College Dictionary defines — "difficult" as meaning "hard to do, perform or accomplish: not easy; requiring much effort" and "extraordinary" as meaning "beyond what is ordinary: out of the regular or established order."
Albeit this accident terminated the life of a minor child the facts supported the conclusion that it was a "dart out" accident. This general classification hardly qualifies as "difficult or extraordinary", tragic yes, but not within the statutory parameter. CT Page 10799
Objection sustained.
2.
This objection addresses two claims for costs for, first Michael Cei, an engineer, and second, Captain Leonard Gallo of the New Haven Police Department. There is no evidence before the court that either of these men were "summoned" or "subpoenaed" under C.G. S. § 52-260(a) through (g). Engineers and/or police officers even if properly summoned or subpoenaed are not covered under (f) as practitioners of the healing arts, real estate appraisers or (g) public accountants.
Objection sustained.
3.
This objection was withdrawn at the hearing.
4.
This objection was withdrawn at the hearing.
5.
Plaintiff has objected to defendant's claim under C.G.S. § 52-257(b) "for investigative costs and expenses, not exceeding the sum of two hundred dollars."
Defendants filed a document dated this date (9/12/95) attesting to costs to the defendant City in excess of Two Hundred ($200.00) Dollars.
Objection overruled.
John N. Reynolds State Trial Referee